# United States District Court
## MIDDLE DISTRICT OF ALABAMA

FILED
APR 18 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA
V.
Octavious Bryant

CRIMINAL COMPLAINT

Case Number: 3:06mj37-SRW

I, Theron T. Jackson, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 15, 2006 in Lee County, Middle District of Alabama Defendant, a previously convicted felon did: 1.) Possess a Taurus, .357 Caliber Revolver, Serial Number YC285577.

in violation of Title 18 United States Code, Section(s) 922 (g) (1).

I further state that I am a Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives and that this complaint is based on the following facts:

See Attached.

Continued on the attached sheet and made a part hereof:    YES  X   NO

_____
Signature of Complainant

Sworn to before me and subscribed in my presence:

4/18/06 _____ at  Montgomery, AL
Date                                   City and State

Susan R. Walker _____      _____
Name and Title of Judicial Officer    Signature of Judicial Officer
US Magistrate Judge

## **AFFIDAVIT**

I, the undersigned affiant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. My name is Theron T. Jackson. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am presently assigned to the Montgomery, Alabama, Field Office. The Montgomery Field Office is one of several ATF offices supervised by the Nashville Field Division, which encompasses Alabama and Tennessee. The Montgomery Field Office's area of operation is the Middle Federal Judicial District of Alabama.

In 1992 I received a Bachelor of Arts (B.A.) Degree from the University of Virginia in Charlottesville, Va. My major area of study was Sociology. In 1995 I received a Juris Doctor (J.D.) Degree from the University of Richmond Law School in Richmond, Va., and in 1997 I was awarded the degree of Master of Laws (LL.M.) from the University of Wisconsin - Madison. I am a graduate of the Federal Law Enforcement Training Center and a distinguished graduate of the ATF National Academy. I have been a Special Agent with ATF since October 1999.

On April 17, 2006, I was contacted by Lt. Bruce Delong of the Opelika, AL police Department regarding violations of federal firearms laws by Octavious Bryant, a previously convicted felon. According to information and Opelika Police Department reports provided by Lt. Delong, on April 15, 2006, Opelika Police Officer Vickers

responded to a report of shots fired at the Brooks Trailer Park in Opelika, Middle district of AL. As Officer Vickers checked the area, he heard an altercation in progress at 805 Baker Street. Officer Vickers knew this address to be the residence of Octavious Bryant and his girlfriend. As Officer Vickers approached, he heard what he knew to be the voice of Octavious Bryant. In light of Officer Vickers' knowledge of several outstanding warrants for Bryant's arrest and Bryant's violent history, Officer Vickers contacted police communications, requesting that additional units respond. While waiting for backup, Officer Vickers heard Bryant hitting someone and yelling "Don't you ever call the police on me, you ho!" Opelika Police Officer Brown arrived on the scene to assist, and ultimately made his way to a kitchen window of the residence. From the kitchen window, Officer Brown saw Bryant, armed with what Officer Brown identified as a .357 magnum revolver striking a woman identified as Bryant's girlfriend, Laquana Ross repeatedly about the face and head. Officer Brown then saw Bryant move the firearm to his other hand and continue striking Ross with the free hand. Officer Brown noted that Ross was screaming throughout the attack, and that Bryant had put the weapon to Ross' head at one point. Officers Vickers and Brown then forced entry into the residence in an effort to assist Ross. Though Officers Vickers and Brown managed to end the altercation, Bryant was able to barricade himself somewhere inside the residence, holding a small child (believed by Opelika Police to be Bryant's). Ross was able to leave the residence and did not appear to Opelika Police to be a hostage. Ross refused to grant the police consent to search the residence for Bryant, leading officers to obtain a state search warrant for Bryant and evidence of violations related to Bryant's outstanding warrants and the present incident. Eventually Opelika Police Officer Billy Smith was able to talk Bryant into

leaving the residence without further incident, at which time the state search warrant was executed. During the course of the search, cash and quantities of suspected marijuana and cocaine were found in different parts of the residence. In addition, a Norinco BKW Sporter (serial number 304427) and a Taurus .357 Magnum Revolver (serial number YC285577) were found in the back bedroom, where Bryant had placed the floorboard of the bed against the window while barricaded inside. Bryant was arrested for Domestic Violence in connection with this incident.

Later on April 17, 2006, Lt. Delong presented me with a copy of certified documentation from the Lee County Circuit Clerk's Office regarding Bryant's prior felony conviction for possession of marijuana first degree. Lt. Delong also provided me with copies of certified fingerprint records from that conviction, as well as Bryant's fingerprints from the April 15, 2006 arrest. On April 18, 2006, Fingerprint Examiner Debra Lewis of the Montgomery County Sheriff's Office conducted a comparison of the two sets of prints and determined that both sets belong to the same individual. Based on the information regarding the firearms found during the execution of the search warrant, and my research, knowledge and experience as interstate nexus specialist for the Montgomery, AL Field Office, it is my belief that both firearms were manufactured outside the United States. Given their location in the state of Alabama, both firearms moved in interstate and/or foreign commerce.

Given the information provided by Lt. Delong relaying the observations of Officers Brown and Vickers, my analysis of the information regarding the firearms found at 805 Baker Street, and the documentation obtained regarding Octavious Bryant's felony

conviction, I believe that probable cause exists that Bryant's activities may constitute a violation of Title 18, United States Code Sections 922 (g) (1). In light of the foregoing, I respectfully request that an arrest warrant be issued for Octavious Bryant.

*[signature]*
Special Agent, ATF

Approved by Assistant U.S. Attorney_____

Sworn to and subscribed by me this _18th_ day of _April_, 2006

*[signature]*
U.S. MAGISTRATE/DISTRICT JUDGE